UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PAUL BISHOP**, <br><br> Plaintiff, <br><br> v. <br><br> **THOMAS J. VILSACK**, *Secretary of Agriculture*, <br><br> Defendant. | Case No. 1:23-cv-2623 (TNM) |

## MEMORANDUM OPINION

Paul Bishop wants a job at the U.S. Department of Agriculture. But the Department keeps rejecting him. So Bishop keeps suing the Department, *pro se*, claiming each time that unlawful discrimination motivated his non-selection. This is Bishop's third such suit in the past four years. *See Bishop v. U.S. Dep't of Agric.*, No. 1:19-cv-1836, 2020 WL 3064421 (D.D.C. June 9, 2020) (granting defendant's motion for judgment on the pleadings); *Bishop v. U.S. Dep't of Agric.*, No. 1:22-cv-635, 2022 WL 17415049 (D.D.C. Dec. 5, 2022), *aff'd*, No. 23-5008, 2023 WL 6323760 (D.C. Cir. Sept. 28, 2023) (summarily affirming dismissal). And that is not to mention similar suits Bishop has filed elsewhere. *See, e.g.*, *Bishop v. Dep't of Homeland Sec.*, No. 14-cv-5244, 2015 WL 2125782, at *8 (D.N.J. May 6, 2015) (granting "pre-filing injunction" against Bishop because he "has filed four civil actions regarding his termination, all of which appear to have lacked merit and been dismissed").

This time, Bishop sues the Secretary of Agriculture over his renewed unsuccessful applications for Pest Survey Specialist and Agriculturalist. *See* Am. Compl. ¶ 1, ECF No. 11. He claims the Secretary passed him over because of his race, color, and sex, in violation of federal law. *Id.* But Bishop's Amended Complaint lacks allegations that, if true, "state a claim

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). So the Court will grant the Secretary's Motion to Dismiss. *See* ECF No. 15.

## I.

Bishop is a black man who reapplied for two positions with the Department—Pest Survey Specialist and Agriculturalist. Am. Compl. ¶ 1. But rather than hiring Bishop, the Secretary hired Emily Hagen (a white woman) as a Plant Survey Specialist. *Id.* ¶¶ 11–12. He also hired Etychus Kariuki (an East African black man) and Shavonn Whiten (a woman) as Agriculturalists.[1] *Id.* ¶¶ 18–19.

Bishop recognizes his qualifications fall below the Secretary's explicit requirements. The Secretary found Bishop "ineligible" for the Pest Survey Specialist role "because [he did] not meet the minimum education and/or experience requirements for this series/specialty/grade combination." *Id.* ¶ 15; *see also* Pl.'s Opp'n at 3, ECF No. 17 ("[P]laintiff was not rated as high as the other applicants for the vacancy and . . . a more qualified applicant was selected."). And the Secretary similarly told Bishop his Agriculturalist application "was not referred" because he "did not have a Ph.D. or a combination of education and experience required at the GS-11 level." Am. Compl. ¶ 19.

Still, Bishop believes the Secretary's hiring decisions constitute unlawful discrimination that violates Title VII. *See id.* ¶ 1. So he sued, then the Secretary moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* Def.'s Mot. to Dismiss, ECF No. 15. That motion is now ripe.

---

[1] Bishop implies Whiten is African American, too. *See* Am. Compl. ¶ 19; Def.'s Reply at 5, ECF No. 19.

## II.

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A motion under Rule 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations that, if true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And pleading facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 545–46. A claim is plausible when it contains factual allegations that, if true, would "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, the Court construes the Complaint in the light most favorable to the non-moving party and accepts as true all reasonable inferences drawn from well-pled factual allegations. *See Yellen v. U.S. Bank, Nat'l Assoc.*, 301 F. Supp. 3d 43, 46 (D.D.C. 2018). Yet the Court does not "accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Because Bishop is suing *pro se*, the Court liberally construes his submissions. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). In so doing, the Court considers not only the Complaint itself but also Bishop's other filings. *See Parks v. Giant of Maryland,* 295 F.

Supp. 3d 5, 8 (D.D.C. 2018).  Even judged by this generous standard, Bishop's allegations fall short.

### III.

Title VII states that "[a]ll personnel actions affecting . . . applicants for employment . . . in executive agencies . . . shall be made free from any discrimination based on race, color, [or] sex."  42 U.S.C. § 2000e-16(a).  The familiar burden-shifting framework found in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies here because Bishop alleges circumstantial evidence of discrimination.  Under this framework, Bishop must eventually make out a *prima facie* case of discrimination by showing "that (1) [he] is a member of a protected class; (2) [he] suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination."  *Chappell-Johnson v. Powell*, 440 F.3d 484, 488 (D.C. Cir. 2006) (cleaned up).  If he does so, "the employer must articulate a legitimate, non-discriminatory reason for its action; and if it does, then the plaintiff must receive an opportunity to show that the employer's reason was a pretextual cover for discrimination."  *Easaw v. Newport*, 253 F. Supp. 3d 22, 26 (D.D.C. 2017) (cleaned up).

But at the pleading stage, the Court "cannot throw out a complaint even if the plaintiff did not plead the elements of a *prima facie* case.'"  *Brown v. Sessoms*, 774 F.3d 1016, 1023 (D.C. Cir. 2014) (cleaned up).  Still, conclusory allegations and unadorned speculation about the Department's hiring practices will "not give rise to a conceivable, let alone plausible, inference that" Bishop's non-selection was based on his race, color, or sex.  *Townsend v. United States*, 236 F. Supp. 3d 280, 308 (D.D.C. 2017).

Bishop's Amended Complaint not only fails to allege a prima facie case of discrimination, it fails to allege even facts that would support a "reasonable inference" of

4

liability. *Iqbal*, 556 U.S. at 678. The Complaint repeatedly asserts that the Secretary made his hiring decisions "on the basis of" Bishop's "race, color, and sex." Am. Compl. ¶ 1; *see also id.* ¶¶ 15, 22. But these statements are legal conclusions. So they cannot help Bishop hurdle Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678–79.

That leaves Bishop's allegations of comparator evidence. *See* Am. Compl. ¶¶ 11–12, 15, 17–19, 22. The hired applicants differ from Bishop in certain respects: Hagen differs in race and sex, Kariuki may differ in race, and Whiten differs in sex. *Id.* ¶¶ 12, 18–19. These differences, says Bishop, are enough to support an "inference of discrimination." Pl.'s Opp'n, at 4. Not so. Comparator evidence is one way to bolster a Title VII claim. But allegations of comparator evidence must suggest "that the employer treated other employees [of a different protected characteristic] more favorably *in the same factual circumstances*." *Brady v. Off. of Sergeant at Arms*, 520 F.3d 490, 495 (D.C. Cir. 2008) (emphasis added). In other words, the comparator must be "similarly situated" to the plaintiff. *Burley v. Nat'l Passenger Rail Corp.*, 801 F.3d 290, 301 (D.C. Cir. 2015). And that requires the plaintiff to allege that "all of the relevant aspects of his employment situation were *nearly identical* to those of the other employee." *Id.* (cleaned up) (emphasis added).

Bishop's own allegations put him miles apart from his alleged comparators. Bishop lacked the necessary credentials and qualifications. *See* Am. Compl. ¶¶ 15, 22. And his Amended Complaint omits allegations about the selected applicants' credentials or qualifications. So Bishop and his alleged comparators are not "similarly situated" for the purpose of inferring unlawful discrimination. *Burley*, 801 F.3d at 301.

True, Bishop suggests that the Department previously interviewed him for similar positions despite his credentials. *See* Am. Compl. ¶¶ 9–10, 14, 22. But these allegations do not

5

support an inference of discrimination. If anything, Bishop's prior unsuccessful applications reinforce the notion that Bishop lacked the necessary qualifications.

Bishop also claims discrimination infected his Agriculturalist application because he had experience as a law enforcement officer at the Department of Homeland Security. *See id.* ¶¶ 20–21. Specifically, Bishop says he had "superior" qualifications because he "conducted hundreds of inspections of agricultural products" as a Customs and Border Protection Officer. Pl.'s Opp'n at 4–5. Yet, he continues, the successful applicants never intercepted "pest and diseases . . . as federal law enforcement officers." *Id.* at 5. This distinction misses the mark.

Agriculturalists at the Department of Agriculture must have "a Ph.D. or a combination of education and experience required at the GS-11 level." *Id.* at 4. The Secretary told Bishop he lacked these qualifications. *See* Am. Compl. ¶ 22. And on some level, Bishop agrees. He "swear[s]" that he does "not have a Ph.D." *Id.* And Bishop's filings do not plausibly explain how his experience compensates for the missing education credential. Nor does Bishop allege that the successful candidates got their jobs while similarly missing the *required*, *relevant* credentials—a Ph.D. or comparable mix of education and experience. Inferring discrimination from these allegations would require sheer guesswork, something this Court cannot do. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Beyond legal conclusions and bare-bones comparator allegations, Bishop's support for discrimination runs thin. There are no "discriminatory remarks" or other direct evidence of discrimination. *Holbrook v. Reno*, 196 F.3d 255, 260 (D.C. Cir. 1999). Nor has he "attempt[ed] to demonstrate that [the Secretary] is making up or lying about the underlying facts that formed the predicate for" his non-selections. *Brady*, 520 F.3d at 495.

6

In sum, Bishop's allegations establish that the Secretary hired other people for jobs he wanted.  They reveal that Bishop lacked the necessary qualifications.  And they show that the successful candidates sometimes happened to be of a different race, color, or sex.  But more is required to survive Rule 12(b)(6).  "In this circumstance, 'where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'"  *Bishop*, 2022 WL 17415049, at *4 (quoting *Iqbal*, 556 U.S. at 678) (cleaned up).

## IV.

For these reasons, the Court will grant the Secretary's motion and dismiss Bishop's Amended Complaint for failure to state a claim.[2]  A corresponding Order will issue today.

Dated: May 23, 2024                                         TREVOR N. McFADDEN, U.S.D.J.

---

[2]  The Secretary argues in the alternative that the Court should transfer this case to either the District of New Jersey or the District of Arizona.  *See* Def.'s Mot. Transfer, ECF No. 20.  Because Bishop's Amended Complaint fails to state a plausible discrimination claim, the Court does not reach this argument.