UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PAUL BISHOP**, <br><br> Plaintiff, <br><br> v. <br><br> **THOMAS J. VILSACK**, *Secretary of Agriculture*, <br><br> Defendant. | Case No. 1:23-cv-2623 (TNM) |

### MEMORANDUM ORDER

The Court recently dismissed Paul Bishop's Amended Complaint because it failed to state a plausible discrimination claim. Mem. Op., ECF No. 26. Now Bishop seeks reconsideration under Federal Rule of Civil Procedure 60(b). Pl.'s Mot. for Recons., ECF No. 29. He generally claims that the dismissal constituted an "abuse of discretion" that was "contrary to the evidence." *Id.* at 1.[1] To support this claim, Bishop trots out new theories based on never-before-seen agency documents and rehashes old arguments that the Court has already rejected. Neither approach merits reconsideration. So the Court denies the Motion.

Start with the standard. Bishop says he seeks reconsideration under Rule 60(b), *see* Pl.'s Mot. at 1, but the Court will evaluate his Motion under the more forgiving rubric found in Rule 59(e). The timing of Bishop's Motion—filed just 15 days after the dismissal Order—justifies the recharacterization. Indeed, "the practice in this jurisdiction is to construe Rule 60(b) motions filed, as here, within 28 days of the judgment as Rule 59(e) motions to alter or amend the judgment." *Slate v. Am. Broad. Cos., Inc.*, 12 F. Supp. 3d 30, 37 (D.D.C. 2013). This works to Bishop's advantage because "the Rule 60(b) standard is more stringent than the standard under

---

[1] The Court's page citations correspond to the pagination automatically generated by CM/ECF.

Rule 59(e)." *Id; see also Arabaitzis v. Unum Life Ins. Co. of Am.,* 351 F. Supp. 3d 11, 14 (D.D.C. 2018) ("it would be illogical to hold motions for reconsideration filed promptly to a higher standard than stale motions . . . contrary to her self-harming arguments, [plaintiff] is entitled to consideration under Rule 59(e) and its more forgiving standard").

That said, Rule 59(e) restricts reconsideration to three specific circumstances: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (cleaned up). But none of these circumstances afford a litigant "an opportunity to reargue facts and theories upon which a court has already ruled." *Hampton v. Vilsack,* 791 F. Supp. 2d 163, 166 (D.D.C. 2011). "[N]or is [reconsideration] a means to bring before the Court theories or arguments that could have been advanced earlier." *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997).

Bishop does not ask for reconsideration based on "new evidence or a change in law." *Nanko Shipping, USA v. Alcoa, Inc.*, 118 F. Supp. 3d 372, 375 (D.D.C. 2015). So that leaves "clear error" or "manifest injustice." *Firestone*, 76 F.3d at 1208. But those grounds trigger "a very exacting standard" that requires "the final judgment [to] be 'dead wrong.'" *Slate*, 12 F. Supp. 3d at 35 (cleaned up); *accord Parts & Elec. Motors, Inc. v. Sterling Elec.*, 866 F.2d 228, 233 (7th Cir. 1988) ("[T]o be clearly erroneous, a decision must strike [a court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish."). Bishop's arguments fall short.

*First*, Bishop begins by asking "the Court [to] take notice of the Delegated Examining Manual of the [Office of Personnel Management]." Pl.'s Mot. at 3. The manual, he says, proves that he and the successful applicants were similarly qualified for the positions he sought. *See id.*

2

at 3, 6–7.  But the Delegated Examining Manual is a newcomer to Bishop's arsenal; he never referenced it in his Amended Complaint or in his motion to dismiss briefing.  *Cf.* Am. Compl., ECF No. 11; Pl.'s Opp'n to Def.'s Mot. Dismiss, ECF No. 17.  Because arguments based on this document "could have been advanced earlier," the Court declines to consider them now.  *W.C. & A.N. Miller*, 173 F.R.D. at 3.

*Second*, Bishop says that a defendant cannot prevail on a motion to dismiss by "merely stat[ing] it selected a more qualified applicant."  Pl.'s Mot. at 4.  He's correct.  *See Figueroa v. Pompeo*, 923 F.3d 1078, 1088–89 (D.C. Cir. 2019) ("The employer may not merely state that the employment decision was based on the hiring of the 'best qualified' applicant." (cleaned up)).  But the Court dismissed the Amended Complaint because it pled facts that were "merely consistent with [the Secretary's] liability," not facts that plausibly entitled Bishop to relief.  Mem. Op. at 7.

Recall that Bishop only supported his claims with "legal conclusions and bare-bones comparator allegations."  *Id.* at 6.  The comparator allegations foundered at the pleading stage because Bishop failed to allege that he and the successful candidates were similarly situated.  *Id.* at 5.  Indeed, the Court found that "Bishop's *own allegations* put him miles apart from his alleged comparators."  *Id.* (emphasis added).  Bishop pled that the jobs he wanted required "a Ph.D. or a combination of education and experience required at the GS-11 level."  Am. Compl. ¶ 22.  But he swore "under penalty of perjury that [he does] not have a Ph.D."  *Id.*  And his hard-to-parse filings did "not plausibly explain how his experience compensates for the missing education credential."  Mem. Op. at 6.

Nor did "Bishop allege that the successful candidates got their jobs while similarly missing the *required*, *relevant* credentials—a Ph.D. or a comparable mix of education and

3

experience." *Id.* That mismatch meant the Court could not "draw the reasonable inference that the [Secretary was] liable for the misconduct alleged." *Id.* at 3 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

All to say, the Court was not "dead wrong" when it dismissed Bishop's Amended Complaint. *Slate*, 12 F. Supp. 3d at 35. Bishop simply pled that other people got the "jobs he wanted," that he "lacked the necessary qualifications," and "that the successful candidates sometimes happened to be of a different race, color, or sex." Mem. Op. at 7. More was required. *Accord Bishop v. U.S. Dep't of Agric.*, No. 1:22-cv-0635 (TNM), 2022 WL 17415049, at *3 (D.D.C. Dec. 5, 2022) ("Given the dearth of factual allegations, it is not reasonable to conclude that Bishop was treated differently from a similarly situated selectee who was neither Black nor male."), *aff'd*, No. 23-5008, 2023 WL 6323760 (D.C. Cir. Sept. 28, 2023); *Bishop v. U.S. Dep't of Agric.*, No. 1:19-cv-1836 (TNM), 2020 WL 3064421, at *3 (D.D.C. June 9, 2020) ("[Bishop] manages only to allege, in conclusory fashion, that he is a member of a protected class who suffered an adverse employment action because of his race. There are no factual allegations to support these assertions, and without them Bishop's Title VII claim fails."), *aff'd*, No. 20-5170, 2020 WL 6600053 (D.C. Cir. Oct. 20, 2020).

For these reasons, it is hereby

**ORDERED** that Plaintiff's [29] Motion for Reconsideration is DENIED.

**SO ORDERED**.

Dated: July 26, 2024                                                    TREVOR N. McFADDEN, U.S.D.J.